UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. BOTTOMLEY,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>MATTHEW CATE, Director,<br><br>　　　　　　Respondent. | Civil No.　12-0472 BTM (WMc)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner, James C. Bottomley, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and has not paid the $5.00 filing fee or filed a motion to proceed in forma pauperis. The Court does not rule on Petitioner's request to proceed in forma pauperis because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

**PETITION BARRED BY GATEKEEPER PROVISION**

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his June 15, 2001, conviction in San Diego Superior Court case No. SCN 109543. On October 11, 2007, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 07cv1973 W (NLS). In that petition, Petitioner also challenged his conviction in San Diego Superior Court case No. SCN 109543l. On July 7, 2008, this Court granted a motion to dismiss and dismissed the petition because it was filed beyond the one year statute of limitations. (*See* Order filed July 7, 2007 in case No. 07cv1973 W (NLS) [Doc. No.

15].) Petitioner appealed that determination. On July 17, 2009, the Ninth Circuit Court of Appeals denied the request for a certificate of appealability. (*See* Order in *Bottomley v. Tilton*, No. 08-56489 (9th Cir. July 17, 2009).)

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *Murray v. Greiner*, 394 F.3d 78 (2d Cir. 2005) (holding that dismissal for failure to comply with one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under 2244(b)); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C. D. Cal. 2003) (same). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Cout **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. ***The Clerk of Court is directed to mail Petitioner a blank Application for Leave to File a Second or Successive Petition in the Ninth Circuit together with a copy of this Order.***

**IT IS SO ORDERED.**

**DATED: March 9, 2012**

**BARRY TED MOSKOWITZ, Chief Judge**
**United States District Court**